THE VILLAGE OF WAPELLA

v.

VESSELIUS DAVIS.

*Municipal Corporations—Ordinances—Publication of—Proper Authority—Evidence.*

1. If, upon inspecting a printed book or pamphlet of ordinances, it can be determined from any part of it that it purports to be published by proper authority, it is enough.

2. The fact that such ordinances, certified in accordance with Sec. 4 of Art. 5 of the " Cities and Villages Act," are printed copies of the originals instead of written, can make no difference as to their admissibility in evidence in a given case.

3. Upon a suit brought by a municipality to recover from defendant a penalty for failure to perform road labor on its streets, in conformity with the requirements of one of its ordinances, this court holds as erroneous the exclusion of the book of ordinances thereof offered in evidence by the plaintiff, and that the judgment for the defendant can not stand.

[Opinion filed June 12, 1891.]

APPEAL from the Circuit Court of De Witt County; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. LEMON & MONSON, for appellant.

Messrs. MOORE & WARNER, for appellee.

CONGER, P. J.   This was a suit brought by the village against appellee to recover a penalty for failure to perform road labor on the streets.

On the trial, appellant offered in evidence a printed pamphlet, purporting to contain the ordinances of the village. The title page of the pamphlet reads: "Revised Ordinances of the Village of Wapella, DeWitt County, Illinois, 1885." Section thirty-seven of said ordinance was as follows :

" Sec. 37.   This ordinance shall be printed and published in book or pamphlet form, and at the foot of each shall appear the clerk's printed or written memorandum of the date of the passage and of the publication of such ordinance, and the same shall be known as the record book of ordinances of the village of Wapella.  Said board may have an indefinite number of said books printed or written, and each and every one thereof shall be taken and considered originals."

The memorandum, signatures and certificate at the foot of said ordinance, is as follows: "Passed March 10, A. D. 1885, approved March 12, 1885.   J. M. Greene, President *pro tem.*   Attest: John E. Karr, village clerk.  (Village seal.)

"I, John E. Karr, village clerk of the village of Wapella, Illinois, do hereby certify that the foregoing is a true and correct copy of the original ordinance that is on file in my office, and the same was published in pamphlet form, and fifty-two copies returned to my office this 9th day of April, A. D. 1885.  Attest: John E. Karr, village clerk.  (Village seal.) "

Upon the objection of appellee the trial court refused to permit the book of ordinances to be read as evidence.

This we think was error.   Counsel for appellee in their

brief say: " Had there been printed on the title page of said pamphlet, " Published by authority of the Board of Trustees of the Village of Wapella," then it would have been admissible under the statute, and it would have proven the passage and publication of the ordinance."

By Sec. 4 of Art. 5 of the Cities and Villages Act, it is provided that " All ordinances may be proven by the certificate of the clerk, under the seal of the corporation. And when printed in book or pamphlet form, and purporting to be published by authority of the board of trustees, * * * such book or pamphlet shall be received as evidence of the passage and legal publication of such ordinances, etc.

To " purport " according to Webster means " To intend to show; to intend; to mean; to signify."

We are at a loss to perceive how the book of ordinances with Sec. 37 above quoted, certified to by the village clerk, with the corporate seal attached, does not as fully show that such book or pamphlet was intended by the village board to be published by their authority, as if the title page itself had purported to show it.

If, upon inspecting a printed book or pamphlet of ordinances, it can be determined from any part of it that it purports to be published by the proper authority, that is enough.

Again, it was admissible under the first provision of Sec. 4, *supra.* All of the ordinances contained in the pamphlet were in the very language of the law, "proven by the certificate of the clerk under the seal of the corporation."

The fact that such ordinances so certified by the clerk were printed copies of the original instead of written, could make no difference.

It is also objected that the ordinance, under which suit was brought, was void because not in conformity with the statute.

This ordinance provides that "every male inhabitant of said village over the age of twenty-one years, and under the age of fifty years, shall be required to labor two days each on the streets and alleys of said village each year (except idiots, lunatics *and those physically unable to perform such labor,* and such others as are exempt by law)," and that the street com-

missioner " may also require them to furnish a tool or imple-
ment with which to perform such labor;" and that on failure
to comply with the notice of the street commissioner therein
specified, the guilty party shall be liable to the penalty, to
recover which this suit was brought. The statute gives the
village board power to require " every able-bodied male inhab-
itant," to labor on the streets.

We think a reasonable construction of the language of the
ordinance makes it substantially the same as the statute.

As to whether the provision of the ordinance requiring the
bringing of tools is within the power of the board to pass, is
not a question in the case, and need not be noticed.

We think the ordinance should have been admitted in evi-
dence, and for the error in sustaining the objection to its
introduction the judgment of the Circuit Court will be
reversed and the cause remanded.

*Reversed and remanded.*